IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KENNETH A. LEVIN**                                                                    **PLAINTIFF**

v.                                                                           CAUSE NO. 1:16CV110-LG-RHW

**LOWE'S HOME CENTERS, LLC**                                                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the [24] Motion for Summary Judgment filed by Lowe's Home Centers, LLC, in this premises liability case.  The issues have been fully briefed.  After due consideration of the Motion and the relevant law, it is the Court's opinion that there is no question of material fact for the jury.  The Motion will be granted and this case dismissed.

BACKGROUND

Levin alleges he was shopping at the Lowe's store in Gautier, Mississippi, when he requested assistance to pick up a roll of wire mesh.  No store personnel came to help him, so Levin attempted to pick up the mesh himself.  When he touched it, the roll began to fall toward him.  He reached out his hand to catch it, and his finger was pinned between the roll and a cord across the bin holding the mesh rolls.  The sharp ends of the wire mesh roll caused lacerations on his left ring finger, which required multiple sutures.  Levin alleges that the roll of wire mesh was a hazardous condition that Lowe's failed to mitigate or warn him about.  He brings claims of negligence and premises liability against Lowe's.  (Compl. 3-4, ECF No. 1-1).

Lowe's moves for summary judgment on Levin's claims, arguing that Levin fails to establish a premises liability claim because he cannot show that Lowe's was negligent, that a dangerous condition existed, or that Lowe's had knowledge of a dangerous condition. The evidence submitted by the parties is minimal, consisting only of excerpts from Levin's deposition testimony and a one-page incident report filled out by a Lowe's employee after Levin reported his injury.

DISCUSSION

1. The Legal Standard

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party=s case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

2. Mississippi Premises Liability Law

Mississippi law classifies Levin as a business invitee on the premises of Lowe's. *Little by Little v. Bell*, 719 So. 2d 757, 760 (Miss. 1998) (AAn invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage.@).

> The duty owed by a premises owner to a business invitee is the Aduty to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition.@ However, Athe owner/occupier is not an

2

>  insurer of the invitee=s safety, and he is not liable for injuries which are not dangerous or which are, or should be known to the business invitee.@

*McSwain v. Sys. Energy Res., Inc.*, 97 So. 3d 102, 107 (Miss. Ct. App. 2012) (quoting *Jones v. James Reeves Contractors, Inc.*, 701 So. 2d 774, 782 (Miss. 1997)).  Mere proof of an injury by a business invitee Ais not the basis for premises liability, rather negligence of the business owner must be shown.@  *Almond v. Flying J Gas Co.*, 957 So. 2d 437, 439 (Miss. Ct. App. 2007) (citation omitted).  To succeed in a premises liability claim, the plaintiff must show: "(1) a negligent act by the defendant caused the plaintiff's injury; or, (2) that the defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant." *Byrne v. Wal–Mart Stores Inc.,* 877 So.2d 462, 465 (¶5) (Miss. Ct. App. 2003) (citing *Downs v. Choo,* 656 So. 2d 84, 86 (Miss. 1995)).  "Each of these premises liability claims requires that the party show a dangerous condition existed." *Walz v. HWCC-Tunica, Inc.*, 186 So. 3d 375, 377 (Miss. Ct. App. 2016).

    3.  Did A Dangerous Condition Exist?

Levin alleges that Lowe's caused a dangerous condition by placing the roll in the bin in an unstable condition and failing to cover the sharp, protruding ends of the wire mesh.  He further alleges that Lowe's had a duty to warn him about the dangerous condition, or provide assistance in removing the roll from the bin.

Lowe's first argues that Levin has no evidence that a sharp end to the roll

3

existed, or that this alleged hazard caused his injury, citing Levin's testimony. Levin testified that he reached over the safety cord across the bin to move the roll of wire mesh to see how heavy it was. As he touched it, the roll tipped over. (Def. Mot. Ex. A 45, ECF No. 24-1). Although his Complaint alleged that the sharp wire ends lacerated his finger when the roll fell and pinned his finger between it and the cord, (Compl. 2 (¶ IV), ECF No. 101), Levin testified that,

> to be honest, in hindsight, I can't be sure exactly how my finger got injured. All I know is I moved away. I thought I would get my hand out of the way. I assume it was the [cord] that stopped me. But I don't really know. It happened so quickly.

(Def. Mot. Ex. A 45, ECF No. 24-1). He agreed that he did not know if his finger was cut by the wire mesh or by being caught between the safety cord and the roll of mesh. (*Id.* at 46). Lowe's argues that Levin's uncertainty and speculation about what caused his injury means that Levin "cannot show that whatever he cut his finger on was an unreasonably dangerous condition." (Def. Mem. 5, ECF No. 25).

Levin seems to argue that the roll of wire mesh was self-evidently a dangerous condition because 1) the cut ends of the mesh were not covered and 2) the roll was unstable enough to tip over when Levin tried to move it. Levin submitted only his own testimony and a copy of the Lowe's Incident Report[1] to support his claims. He does not provide evidence that it is an industry standard for a retailer to cover the ends of rolled wire mesh, prevent customers from handling rolls of wire mesh, warn customers about the potential hazards of handling rolls of

---

1 Levin's description of the incident was recorded as "while loading rebar material slipped and lacerated hand." (Pl. Resp. Ex. A, ECF No. 27-1).

4

wire mesh, or store rolls of wire mesh in a particular way. *See Farmer v. Sam's East Inc.*, 253 F. App'x 352, 355 (5th Cir. 2007); *see also Wilson*, 161 So. 3d at 1131 (plaintiff failed to show dangerous condition without expert reports or evidence of industry standards or store policy). There is similarly no evidence that the roll was unstable because of an act or omission of a Lowe's employee. In fact, the incident here was set in motion by Levin's own action.

Levin argues that this case is similar to *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197 (Miss. 2008). In *Pigg*, a family rented a hotel room. *Id.* at 1199. When the minor child of the family shut a bathroom door, the mirror on the back of the door fell, shattered, and injured the child. *Id.* The plaintiffs presented evidence of "loosely-attached mirrors in two adjacent rooms . . . ." *Id.* at 1200. Accordingly, the Mississippi Supreme Court held that there was a genuine issue of fact as to whether the defendant "knew or should have known of the loose mirror, and whether it was negligent in inspecting its premises." *Id.* Levin contends that the facts that 1) Lowe's had a hazardous object on its premises, and 2) "by its own admission in the Incident Report [Lowe's] had no idea when the area had last been inspected for hazards," constitute sufficient circumstantial evidence to overcome summary judgment. (Pl. Resp. 5, ECF No. 28). This argument is flawed by the mischaracterization of the incident report. There is a "U" in the space for the name of the "employee who last inspected, stocked and/or cleaned the area *before* the incident." (Pl. Resp. Ex. A, ECF No. 27-1) (emphasis in original). Whatever the "U" might mean (and there is no explanation of the report provided), it is not an

5

admission that Lowe's did not know when the area had been inspected.  Evidence of Lowe's inspection schedule and/or routine is not in the record.  The Court finds *Pigg* distinguishable, as there is no evidence in this case that Lowe's was negligent in inspecting its premises or that there is some pattern of negligence concerning rolls of wire mesh.2

CONCLUSION

"[A] 'property owner cannot be found liable for the plaintiff's injury where no dangerous condition exists.'" *Stanley v. Boyd Tunica, Inc.*, 29 So.3d 95, 97-98 (¶10) (Miss. Ct. App. 2010) (quoting *Delmont v. Harrison Cnty. Sch. Dist.,* 944 So. 2d 131, 133 (¶5) (Miss. Ct. App. 2006)).  Levin does not show that the roll of wire mesh, confined to a bin with a cord across the front, in and of itself constituted a dangerous condition.  Lowe's need not "ensure that the premises are completely risk-free."  *See Sullivan v. Skate Zone, Inc.*, 946 So. 2d 828, 832 (Miss. Ct. App. 2007).  The Court therefore concludes that there is inadequate evidence from which a jury could reasonably conclude that Lowe's breached its duty to keep its store reasonably safe, making summary judgment appropriate.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [24] Motion for Summary Judgment filed by Lowe's Home Centers, LLC, is **GRANTED**.

---

2 Levin's deposition excerpts include two photographs he took of other wire mesh rolls at either the Gautier or D'Iberville Lowe's store after the incident.  They show wire rolls with protruding ends, just as Levin described the wire roll he handled. Lowe's objects to these photographs, but it is unnecessary to determine whether they are admissible.  Evidence of other wire rolls like the one at issue does not impact the Court's decision since there is no indication that the rolls constitute a dangerous condition.

Plaintiff's claims are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 20th day of January, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE